UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN WESLEY SELLERS III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 322 |
| | ) |
| OFFICER BUSTOS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### OPINION and ORDER

John Wesley Sellers III, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Sellers alleges that, on January 19, 2018, Officer Bustos pulled over Sellers purportedly because the Chevrolet Tahoe operated by Sellers did not have a license plate, even though the Tahoe had a license plate. Officer Stewart detained Sellers on the front hood of a police vehicle as Officer Bustos searched the Tahoe without his consent and found a firearm. Later, Officer Wardrip prepared a probable cause affidavit, which was filed in this court when Sellers was charged with unlawful

possession of a firearm. *See United States v. John Wesley Sellers III*, 2:18-CR-29 (N.D. Ind., filed March 1, 2018). Because of this affidavit, Sellers has been incarcerated for more than seven months since the date the complaint was filed. Officer Bustos did not disclose how he knew that there was a firearm in the Tahoe.

The Fourth Amendment protects individuals from unreasonable searches and seizures. However, "[i]t is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). These exceptions include search incident to arrest, consent, and the automobile exception. *Id.*; *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Chambers v. Maroney*, 399 U.S. 42, 52 (1970). Here, Sellers alleges that Officer Bustos stopped him without probable cause. He further alleges that Officer Bustos searched the vehicle without consent and that Officer Stewart facilitated this search with knowledge that it was unlawful. Therefore, the complaint alleges a plausible Fourth Amendment claim against Officer Bustos and Officer Stewart.

Sellers asserts a claim of malicious prosecution against Officer Wardrip because Officer Wardrip knew that the search was unlawful but did not mention this detail in the probable cause affidavit. Malicious prosecution is a tort recognized under Indiana law, but the Indiana Tort Claim Act does not allow such claims to proceed against governmental employees. *Serino v. Hensley*, 735 F.3d 588, 595 (7th Cir. 2013); Ind. Code. § 34-13-3-3(6). A claim of malicious prosecution may also be brought under federal law, but this is rarely appropriate because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). "[T]o state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014). Because Sellers alleges that Officer Wardrip's omission resulted in more than seven months of incarceration, the complaint states a plausible Fourth Amendment claim against Officer Wardrip.

Sellers also asserts a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), against Officer Bustos for not disclosing how he knew about the firearm in the Tahoe. "To establish a *Brady* violation, [a plaintiff] must show three elements: "(1) the evidence at issue is favorable to the accused because it is either exculpatory or impeaching; (2) the evidence has been suppressed by the government, either willfully or inadvertently; and (3) the suppressed evidence resulted in prejudice." *Harris v. Kuba*, 486 F.3d 1010, 1014

(7th Cir. 2007). "Prejudice exists if there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Id.* Here, Sellers has not alleged that the information he seeks would have likely resulted in a different outcome for his criminal case, nor could he do so because his criminal case remains pending. Therefore, Sellers may not proceed on this claim.

Sellers also names the Hobart Police Department as a defendant. Because the Hobart Police Department has no separate legal existence from the City of Hobart, the police department is not a suable entity. *See Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004); *Argandona v. Lake Cty. Sheriff's Dep't*, 2007 WL 518799, at *3 (N.D. Ind. 2007); Hobart Ordinance § 30.01, available at http://www.cityofhobart.org/index.aspx?NID=242. As a result, Sellers cannot proceed against it, and this defendant is dismissed.

As a final matter, Sellers has filed a motion seeking to vacate the order dismissing this case. However, no such order was entered, and this motion is denied as unnecessary.

For these reasons, the court:

(1) **DENIES as UNNECESSARY** the motion to vacate (DE # 12);

(2) **GRANTS** John Wesley Sellers III leave to proceed against Officer Bustos and Officer Stewart for allegedly conducting an unlawful search on January 19, 2018, in violation of the Fourth Amendment;

(3) **GRANTS** John Wesley Sellers III leave to proceed against Officer Wardrip for allegedy filing a false probable cause affidavit resulting in an unlawful seizure in violation of the Fourth Amendment;

(4) **DISMISSES** the Hobart Police Department;

(5) **DISMISSES** all other claims;

(6) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Officer Bustos, Officer Stewart, and Officer Wardrip at the Hobart Police Department with a copy of this order and the complaint (DE # 1) as required by 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Bustos, Officer Stewart, and Officer Wardrip to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which John Wesley Sellers III has been granted leave to proceed in this screening order.

**SO ORDERED.**

DATED: February 28, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT